UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABDULLAH SPENCER NIMHAM-EL-DEY,<br><br>                            Plaintiff,<br><br>-against-<br><br>CHILDREN'S AID SOCIETY, et al.,<br><br>                            Defendants. | 21 Civ. 8237 (LGS)<br><br>ORDER OF SERVICE |

LORNA G. SCHOFIELD, United States District Judge:

       Plaintiff, who is currently incarcerated at the North Infirmary Command on Rikers Island, brings this pro se action under 42 U.S.C. § 1983. Plaintiff alleges that he was assaulted because the Children's Aid Society placed him in foster care with someone it should have known was a sexual predator. By order dated October 12, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

## DISCUSSION

**A.    Service on Children's Aid Society and City of New York**

       Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

       Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Children's Aid Society and the City of New York through the U.S. Marshals Service, the Clerk of Court is respectfully directed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is further directed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.       Service on Defendant Butler**

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the Children's Aid Society to identify the last known address of foster parent Eddie Butler. It is therefore ordered that the attorney for and agent of the Children's Aid Society shall ascertain the last known address for Defendant Butler. The Children's Aid

Society shall provide this information to Plaintiff and the Court within sixty days of the date of this order.

Once the Court has received this information, the Court will, if necessary, issue an order directing the Clerk of Court to complete a USM-285 form with the address for Defendant Butler and deliver to the U.S. Marshals Service all documents necessary to effect service.

## CONCLUSION

The Clerk of Court is respectfully directed to mail (1) a copy of this order to Plaintiff, together with an information package; and (2) a copy of this order and the complaint to the Children's Aid Society so that it can respond to the *Valentin* request for Defendant Butler's last known address. The Clerk of Court is further directed to complete the USM-285 forms with the addresses for Defendants Children's Aid Society and the City of New York and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:   October 14, 2021
         New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**DEFENDANTS AND SERVICE ADDRESSES**

1. Children's Aid Society
   117 West 124th Street, 3rd Floor
   New York, NY 10027

2. City of New York
   New York City Law Department
   100 Church Street
   New York, NY 10007