```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ABDULLAH SPENCER NIMHAM-EL-DEY,           :
                              Plaintiff,  :
                                          :          21 Civ. 8237 (LGS)
              -against-                   :
                                          :               ORDER
CHILDRENS AID SOCIETY, et al.,            :
                              Defendants, :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on October 5, 2021, pro se Plaintiff commenced this action against Children's Aid Society, the City of New York (collectively, the "City Defendants") and Eddie Butler.[1]

**Background**

WHEREAS, the City Defendants moved to dismiss on May 9, 2022. Plaintiff's opposition was filed on July 18, 2022. The City Defendants filed their replies on August 1, 2022. Because the Plaintiff is pro se, the allegations in his January 31, 2022, letter to the Court and his opposition to the instant motion are construed to be a part of the Complaint and are hereafter referred to together as the "Complaint."

WHEREAS, the Complaint alleges that Defendant Butler, who was Plaintiff's foster parent, sexually abused Plaintiff. The Complaint also alleges that the City Defendants placed Plaintiff in the care of Butler even though he was a known "child molester" and that the City Defendants failed to take any action even after finding out about Butler's abuse of Plaintiff. The

---

[1] Plaintiff -- then incarcerated, and proceeding in forma pauperis -- relied on the Marshals to effect service on Defendants. A summons was issued for Defendant Butler, but he was never served and so does not move to dismiss. For the reasons below, Plaintiff's claims against Butler are either time barred or not actionable. Accordingly, the claims against Butler are dismissed as well.

alleged abuse took place when Plaintiff was eleven years old in 1985.  Plaintiff's eighteenth birthday was in or around 1992.

**Legal Standard**

WHEREAS, on a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party but does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021).  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[] [plaintiff's] claims across the line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Bensch v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021).  To survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (cleaned up).

WHEREAS, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); *see Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015).

**Time-Barred Claims**

WHEREAS, the Complaint is liberally construed to assert a violation of the Due Process

Clause of the Fourteenth Amendment for deliberate indifference and to assert a claim against the City Defendants under 42 U.S.C. § 1983.  *Phifer v. City of New York*, 289 F.3d 49, 61 (2d Cir. 2002) ("The Second Circuit has recognized that a state agency may be liable under the Due Process Clause for failing to protect children in their custody."); *Wrobleski v. City of New York*, No. 18 Civ. 8208, 2018 WL 10604749, at *4 (S.D.N.Y. Nov. 5, 2018).  The § 1983 claim is barred by the statute of limitations.  Section 1983 claims in New York are subject to a three-year statute of limitations.  *Lucente v. Cnty. of Suffolk,* 980 F.3d 284, 308 (2d Cir. 2020).  The alleged actions occurred in 1985, and the Complaint was filed more than three years later in 2021.  Because the "residual" statute of limitations of three years applies to § 1983 claims in New York, Plaintiff's § 1983 claim is time barred.

WHEREAS, the Complaint, broadly construed, alleges a violation of 18 U.S.C. § 1591 and § 1595 for federal sex trafficking.  This claim is time barred.  Section 1595 allows victims to bring a civil action against a person who "recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits" minors under the "age of 14 years old" in violation of § 1591.  *See* 18 U.S.C. §§ 1591, 1595.  Section 1595 claims may not be commenced "later than the later of -- (1) 10 years after the cause of action arose; or (2) 10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense."  18 U.S.C. § 1595(c).  Because Plaintiff turned eighteen years old in 1992, more than ten years before the filing of this action, the claim is time barred.

WHEREAS, the Complaint is also construed to assert a claim of child abuse under 18 U.S.C. § 2251.  This claim is similarly time barred.  Civil claims for violations of § 2251 are governed by 18 U.S.C. § 2255, which requires a claim to be filed "(1) not later than 10 years after the date on which the plaintiff reasonably discovers the later of -- (A) the violation that

forms the basis for the claim; or (B) the injury that forms the basis for the claim; or (2) not later than 10 years after the date on which the victim reaches 18 years of age." 18 U.S.C. § 2255(b). Because more than ten years passed between the filing of this action and any of these enumerated events, the claim is time barred.

WHEREAS, the Child Victims Act ("CVA") revives expired claims and extends the statute of limitations for civil state laws claims of sexual abuse committed against minors. CPLR §§ 208, 214-g. The CVA does not extend the statute of limitations for the Complaint's federal claims, even those that borrow their statute of limitations from state law.[2] *See FL v. Hilton Cent. Sch. Dist.*, No. 21 Civ. 6551, 2022 WL 1665160, at *3 (W.D.N.Y. May 25, 2022) ("Every district court in this Circuit asked to address whether § 1983 claims stemming from the CVA are governed by the residual state statute of limitations for personal injury actions or provisions of the CVA itself, as Plaintiff advocates, has concluded the state statute for personal injury applies.") (collecting cases); *Kane v. Mount Pleasant Cent. Sch. Dist.*, No. 20 Civ. 7936, 2021 WL 5112981, at *6 (S.D.N.Y. Nov. 3, 2021) (holding that the CVA does not extend the statute of limitations for Title IX claims).

**Remaining Federal Claims**

WHEREAS, the Complaint is construed to assert violations of (a) the Treaty Clause, U.S. Const., Art. I, § 10, cl. 1 of; (b) the Child Abuse Prevention and Treatment Act ("CAPTA"), 42 U.S.C. §§ 5101, et seq.; (c) the Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment ("CAT"); (d) the Adoption Assistance and Child Welfare Act ("AACWA"), 42 U.S.C. §§ 670, et seq.; (e) 18 U.S.C. § 242 and (f) 42 U.S.C. § 2000d.

---

[2] Federal courts in § 1983 actions borrow "tolling rules" from state law. *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002). The CVA, however, is not a tolling statute and merely changes the applicable statute of limitations for *state* laws relating to sexual abuse and assault.

These claims are not actionable as they are based on violations of statutes that are either inapplicable or do not create a private right of action.

WHEREAS, the Treaty Clause is inapplicable to this case. The Treaty Clause states: "No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility." U.S. Const. art. I, § 10, cl. 1. By its terms, the Treaty Clause pertains to alliances with other governmental entities and not the facts alleged here.

WHEREAS, CAPTA authorizes the Secretary of Health and Human Services to "establish an office to be known as the Office on Child Abuse and Neglect" and outlines funding and oversight procedures. 42 U.S.C. § 5101; *see generally* 42 U.S.C. §§ 5101-116. CAPTA does not create a private right of action (meaning that individuals are not legally permitted to sue for relief under the statute).

WHEREAS, claims based on CAT are not actionable because CAT similarly does not grant a private right of action. *Abbas v. United States*, No. 10 Civ. 141, 2014 WL 3858398, at *3-4 (W.D.N.Y. Aug. 1, 2014) (dismissing claims under CAT on ground that it "does not give rise to a private right of action"). CAT is not "self-executing" and therefore cannot be invoked as law of the United States without a separate provision incorporating the Convention. *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (holding that CAT is not self-executing); *see also* Richard P. Shafer, Annotation, *Construction and Application of United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment, or Punishment*, 184 A.L.R. Fed. 385 (2003). The claim based on CAT is therefore not actionable.

WHEREAS, AACWA does not provide a right of action for the relief sought.  AACWA provides federal funding to state governments for adoption and children's welfare.  42 U.S.C. § 670; *see generally* 42 U.S.C. §§ 670-79.  The Complaint does not allege any claims actionable under the act nor does it create any private right of action.  Any argument in reliance of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFASSHA"), 9 U.S.C. §§ 401-02, fails.  Sections 401 and 402 pertain to arbitration agreements and joint-action waivers, not AACWA or any other issue in this case.

WHEREAS, alleged violations of 18 U.S.C. § 242 do not state a claim upon which relief can be granted.  Section 242 is a criminal statute that permits a prosecutor to bring a criminal charge against a person acting "under color of any law, statute, ordinance, regulation, or custom" who "subjects a person to deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . on account of such person being an alien, or by reason of his color, or race."  18 U.S.C. § 242.  Section 242 cannot be enforced by private citizens because it is a criminal statute.  *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Vidurek v. Koskinen*, No. 17 Civ. 9064, 2018 WL 3597644, at *9 (S.D.N.Y. July 25, 2018), *aff'd*, 789 F. App'x 889 (2d Cir. 2019).

WHEREAS, the Complaint does not sufficiently allege a violation of § 2000d.  Section 2000d prohibits programs that receive federal financial assistance from discriminating "on the ground of race, color, or national origin."  42 U.S.C. § 2000d.  Plaintiff's opposition brief states that he was "discriminated against on account of [his] Moorish nationality, for at the time, [he] was Islamic and opposed to homosexuality" and was "totally terminated from the so-called many programs the civic enterprise had to offer."  The argument is insufficient because the Complaint does not allege facts supporting an inference of discriminatory intent based on "race, color, or

6

national origin." *See Yang v. Eastman Sch. of Music*, No. 21-1482, 2022 WL 1040418, at *2 (2d Cir. 2022) (affirming dismissal of § 2000d claim that failed sufficiently to allege discriminatory intent); *Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015) (discussing the pleading requirements for discrimination claims in Title VII litigation).

**State Law Claims**

WHEREAS, the Court declines to exercise supplemental jurisdiction over the Complaint's state law claims. A district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). When "a plaintiff's federal claims are dismissed before trial, 'the state claims should be dismissed as well.'" *Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010) (quoting *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008)); *accord Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 146 (2d Cir. 2020) ("Because the District Court properly dismissed [the federal] claims, the only claims over which it had original jurisdiction, it did not abuse its discretion by declining to exercise supplemental jurisdiction over his [state law] claims."). Contrary to Plaintiff's argument, 4 U.S.C. § 105, et seq. -- which pertains to taxing authority in certain federal lands and premises -- is inapplicable here and does not grant subject matter jurisdiction over the state law claims. It is hereby

**ORDERED** that, for the foregoing reasons, the case is **DISMISSED**. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to close the motion at Docket 42 and to close the case.

Dated: September 8, 2022
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**